**In re PORTLAND ELECTRIC POWER CO.**

**No. B–23986.**

**No. 1044.**

United States District Court,
D. Oregon.

Feb. 6, 1947.

See also, D.C., 97 F.Supp. 857.

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell,

Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES ALGER FEE, Chief Judge.

Upon June 29, 1946, this court approved for submission to creditors and stockholders of the debtor, the Trustees' Second Alternative Amended Plan of Reorganization, which contemplated as a possibility the sale of the stock of the Portland Traction Company and the Interurban Railway. Since that time the Trustees have consummated the sale of these assets for $7,966,-750 in cash. An income tax saving of $1,000,000 was also effectuated incident to the sale.

The conversion of these assets into cash and the resultant improvement in the position of the estate of the debtor, necessitated the adoption of amendments to the original plan to reflect the changes. The court, upon consideration of the amendments now proposed, finds that the essential nature and framework of the plan as originally approved, has not been altered thereby, and that these amendments only accomplish that reallocation of the cash and securities entitled to participate therein necessitated by the changed conditions noted above.

As a result of the sale, the bondholders have received a larger portion of their claims in cash, and a small participation originally allocated to the First Preferred stockholders will be more than doubled.

The objections interposed by the indenture trustee and by counsel for certain First Preferred stockholders are essentially the same objections which were overruled at the time of the first approval of the plan. They are now, therefore, overruled in relation to these amendments and the plan as amended.

The court finds that the Trustees' Second Alternative Amended Plan of Reorganization should be amended in accordance with proposals contained in the application of the Independent Trustees on file herein, and the amendments are now approved.

The court finds that the Trustees' Second Alternative Amended Plan of Reorganization as so amended is fair, equitable and feasible, and that the plan as so amended complies with the provisions of Section 216 of the Bankruptcy Act, 11 U.S.C.A. § 616.

These findings are based upon the evidence considered by the Securities and Exchange Commission in its approval of these amendments. Certain additional evidence was adduced at the hearing here which gave support to the amended plan by cumulation. However, the court finds no necessity to resort thereto in order to reach the conclusions above.

The plan as now amended is approved for submission to creditors and stockholders, as provided by Section 175 of the Bankruptcy Act, 11 U.S.C.A. § 575.

Appropriate findings and order may be submitted.

See also D.C., 97 F.Supp. 857.